# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOUIS BRIGNARDELLO,<br><br>             Plaintiff(s),<br><br>vs.<br><br>LAS VEGAS METRO POLICE DEPT.;<br>CCMSI; TOM LOZICH; MARK MASTON;<br>ROBERT CITIN; MOREEN LASITER;<br>CRAIG KLATT; and CYNDE SWANDAL,<br><br>             Defendant(s). | 2:06-CV-0855-RLH-LRL<br><br>**O R D E R**<br>(Motion to Dismiss–#39) |

      Before the Court is **Defendants CCMSI and CYNDE SWANDAL's Motion to Dismiss** (#39, filed September 11, 2006). Notwithstanding the Court's *Klingele* notice of September 12, 2006, Plaintiff has not filed a response in opposition.

      Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831 (D. Nev. 1989). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The following discussion on the merits provide sufficient reason to justify granting the motion and possible reason why Plaintiff did not oppose the motion.

. . . .

. . . .

1           BACKGROUND

2 _____ Through this motion, Defendants CCMSI and Swandal seek to dismiss Plaintiff's
3 Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim
4 upon which relief may be granted.  Plaintiff is a police officer from the Las Vegas Metropolitan
5 Police Department (hereafter "LVMPD") who made an industrial insurance claim due to alleged
6 work-related injuries.  Defendant CCMSI is the third-party administrator for the LVMPD's
7 industrial insurance claims, and Cynde Swandal is an employee of CCMSI.  In his Complaint,
8 Plaintiff alleges civil rights violations against both of these moving defendants, and claims that both
9 were acting under color of law, as contemplated by 42 U.S.C. § 1983.  Plaintiff claims that CCMSI
10 and Swandal denied him medical care in connection with the administration of his industrial
11 insurance claim.  As explained below, Plaintiff can prove no set of facts that would entitle him to
12 relief, pursuant to his Complaint, against Defendants CCMSI and Swandal.

13                                THE LAW

14     Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may
15 dismiss a complaint for "failure to state a claim upon which relief can be granted."  "[A] complaint
16 should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff
17 can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*
18 *Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d
19 1475, 1481 (9th Cir. 1997).  All factual allegations set forth in the complaint "are taken as true and
20 construed in the light most favorable to [p]laintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d
21 1136, 1140 (9th Cir. 1999).  Dismissal is appropriate "only if it is clear that no relief could be
22 granted under any set of facts that could be proven consistent with the allegations." *Hishon v. King*
23 *& Spalding*, 467 U.S. 69, 73 (1984); s*ee also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th
24 Cir. 1988).
25 . . . .
26 . . . .

I. NEVADA INDUSTRIAL INSURANCE ACT BARS PLAINTIFF'S CLAIM

  Plaintiff's claim is expressly prohibited by the exclusivity provisions of the Nevada Industrial Insurance Act, as outlined in N.R.S. 616(A)-(D).  Specifically, N.R.S. 616D.030 dictates that the present action cannot be maintained against CCMSI, the third-party administrator of LDMPD's workers' compensation insurance.  N.R.S. 616D.030 is entitled "Limitation of Liability of Insurer or Third-Party Administrator; Administrative Fines are Exclusive Remedies," and states, in pertinent part as follows:

  1. No cause of action may be brought or maintained against an insurer or a third-party administrator who violates any provision of this Chapter or Chapter 616A, 616B, 616C or N.R.S. 617.

  2. The administrative fines provided for in N.R.S. 616B.318 and N.R.S. 616D.120 are the *exclusive remedies* for any violation of this Chapter or Chapter 616A, 616B, 616C or 617 of N.R.S. committed by an insurer or a third-party administrator. (Emphasis added)

  Regardless of how Plaintiff's Complaint is pled, the Complaint is based upon Plaintiff's allegations that, as a third-party administrator and its employee, CCMSI and Swandal were not administering his workers' compensation claim in a manner satisfactory to Plaintiff. Plaintiff fails to allege facts that place CCMSI and Seandal outside of their respective roles as third-party administrator for LVMPD's workers' compensation program.  All of Plaintiff's allegations pertaining to CCMSI and Swandal relate to calls made to doctors, appointments cancelled, and the handling of his industrial insurance claim.  As a result, N.R.S. 616D.030 specifically prohibits a claim against the moving Defendants in this forum.  Plaintiff must seek administrative remedies through the statutory scheme set forth in the Nevada Industrial Insurance Act.  *Madera v. State Industrial Insurance System*, 114 Nev. 253, 956 P.2d 117 (1998); *see also Torrey v. JC Penney Company, Inc.*, 916 F.Supp. 1029 (D.Nev. 1996).

II.  PLAINTIFF'S § 1983 CLAIM IS INSUFFICIENT

  In addition to the exclusive remedy restriction explained above, Plaintiff fails to state facts sufficient to constitute a claim under 42 U.S.C. § 1983 against CCMSI and Swandal.

1   To establish a Section 1983 claim, a plaintiff must allege facts showing a deprivation
2   of a constitutional right, privilege or immunity by a person acting under color of state law. *Parratt*
3   *v. Taylor*, 451 U.S. 527, 535 (1981).  A private party may act under color of state law if it willfully
4   participates in joint action with state actors to violate the plaintiff's constitutional rights. *Dennis v.*
5   *Sparks*, 449 U.S. 24, 27 (1980); *Taylor v. List*, 880 F.2d 1040, 1048 (9th Cir. 1989).

6   Here, Plaintiff failed to set forth any facts showing that CCMSI and/or Swandal
7   conspired with the LVMPD to deprive him of his constitutional rights.  He alleges no specific
8   actions on the part of CCMSI and Swandal that demonstrate "joint action with state actors to
9   violate" his constitutional rights.

10  In *Madera, supra*, the Court cited *Buckey v. County of Los Angeles*, 968 F.2d 791 (9th
11  Cir. 1992) in support of dismissing a 1983 action.  In *Buckey*, the Ninth Circuit affirmed dismissal
12  of a 1983 action by concluding that a complaint containing only bare allegations describing the
13  plaintiff's misfortunes and the persons she believed caused them was vague and conclusory under
14  Section 1983.  The same is true here.  Plaintiff has alleged nothing more than dissatisfaction with
15  the administration of his industrial insurance claim and those he believes are responsible for his
16  dissatisfaction.  Those allegations, however, are insufficient to support a 1983 action and his claims
17  of such a violation must be dismissed.

18  IT IS THEREFORE ORDERED that Defendants CCMSI and CYNDE
19  SWANDAL's Motion to Dismiss (#39) is GRANTED.

20  Dated: November 8, 2006.

_____
**ROGER L. HUNT**
**United States District Judge**